UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER PERRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1373 CDP |
| | ) | |
| WAL-MART STORES, EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs Heather Perry and Andrew Perry move for a more definite statement, asking me to enter an order requiring defendant Wal-Mart Stores, East, L.P. to state with more specificity certain of its affirmative defenses. Although defendant has not responded in opposition to this motion, I will deny it because defendant is not required to make a more definite statement under Fed. R. Civ. P. 12(e).

Specifically, Fed. R. Civ. P. 12(e) provides that any "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 7(a) in turn defines the pleadings parties may file, including "a reply to an answer" if the Court orders one. As the court in *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648 (N.D.

Tex. 2004) recognized, Fed. R. Civ. P. 7(a) does not permit a responsive pleading to an answer or an affirmative defense absent a court order. *Id.* at 653. In this case, I have not ordered plaintiffs to file a responsive pleading to Wal-Mart's answer or its affirmative defenses. Accordingly, there is no basis for me to require Wal-Mart to state its affirmative defenses with more specificity, and I will deny plaintiffs' motion for a more definite statement. *See* Fed. R. Civ. P. 12(e); *Travelers*, 313 F. Supp. 2d at 653.

This is true even though this case was removed from Missouri state court and the Missouri Rules of Civil Procedure require defendants to state their affirmative defenses with greater specificity than is required in federal court. In particular, the Missouri Rules of Civil Procedure require defendants, when raising affirmative defenses, to set forth in their responsive pleadings "a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Mo. R. Civ. P. 55.08; *see also State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997) (en banc) ("The Missouri rules of civil procedure require fact pleading . . . The proper remedy when a party fails to sufficiently plead the facts [giving rise to an affirmative defense] is a motion for a more definite statement pursuant to Rule 55.27(d)"). It is well settled, however, that the Federal Rules of Civil Procedure apply when, as here, a federal court sits in diversity. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Roberts v. Francis*,

128 F.3d 647, 650-51 (8th Cir. 1997) ("When a federal court hears a diversity case, although the court applies the applicable state substantive law, the Federal Rules of Civil Procedure generally govern.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a more definite statement [#8] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2009.